**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

TAMICA N. ANDERSON, DIANA B. )
JOHNSON, BRENDA J. MARRIOTT, )
ERNEST B. NOVELLO, and JENNIFER SCOTT, )
*on behalf of themselves and all similarly* )
*situated individuals* )
)
Plaintiffs, )
)
v. )
)
PORTFOLIO RECOVERY ASSOCIATES, LLC )
)
Defendant. )
_____ )

FILED

SEP 1 5 2011

CLERK, U.S. DISTRICT COURT
RICHMOND, VA

Civil Action No. 3:11CV604

## CLASS ACTION COMPLAINT

COME NOW the Plaintiffs, Tamica N. Anderson, Diana B. Johnson, Brenda J. Marriott, Ernest B. Novello, and Jennifer Scott (hereafter the "Plaintiffs"), by counsel, on behalf of themselves and others similarly situated, and as for their Complaint against the Defendant, they allege as follows:

1. This is an action for actual and statutory damages, costs, and attorney's fees brought pursuant to and 15 U.S.C. § 1692 et seq. (the Federal Fair Debt Collection Practices Act or "FDCPA").

## JURISDICTION

2. Jurisdiction is proper pursuant to 15 U.S.C. § 1692k and 28 U.S.C. § 1331.

## PARTIES

3. Plaintiffs are natural persons and at all times relevant hereto were "consumers" as defined and governed by the Fair Debt Collection Practices Act ("FDCPA").

4. Defendant Portfolio Recovery Associates, LLC, (hereafter, "PRA"), is a Delaware limited liability company with its headquarters and principal place of business located in Virginia Beach, Virginia. It regularly collects debts from consumers located across the Commonwealth of Virginia. At all times relevant hereto, PRA was a "debt collector" as that term is defined by the FDCPA.

## STATEMENT OF FACTS

5. Defendant PRA sued Plaintiffs in the various General District Courts of the Commonwealth of Virginia in an attempt to collect alleged debts.

6. Defendant thereafter obtained judgments against the Plaintiffs.

7. Following the entry of judgment, PRA attempted to collect or did collect principal amounts, post-judgment interest, judgment costs and/or garnishment costs in excess of the amount either awarded by the Courts, or allowed by applicable Virginia law via the use of the garnishment process.

8. One or more misrepresentations made by the Defendant in its efforts to extract money from the Plaintiffs that was not owed by them constituted a Class 1 misdemeanor under Virginia law.

## CLASS ACTION ALLEGATIONS

9. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiffs bring this action for themselves and on behalf of a class initially defined as follows:

> All natural persons sued by the Defendant in a General District Court located within the Eastern District of Virginia, Richmond Division, who suffered a judgment in favor of the Defendant, and thereafter were the subject of garnishment proceedings in which the Defendant attempted to garnish amounts that were not awarded in the underlying judgment.

Subclass 1: All natural persons sued by the Defendant in a General District Court located within the Eastern District of Virginia, Richmond Division, who suffered a judgment in favor of the Defendant, and thereafter were the subject of garnishment proceedings in which the Defendant attempted to garnish amounts that were not awarded in the underlying judgment, which persons suffered actual damages as a result of the Defendant's actions.

Subclass 2: All natural persons sued by the Defendant in a General District Court located within the Eastern District of Virginia, Richmond Division, who suffered a judgment in favor of the Defendant, and thereafter were the subject of garnishment proceedings in which the Defendant attempted to garnish amounts that were not awarded in the underlying judgment, which persons did not suffer actual damages as a result of the Defendant's actions.

10. **Numerosity.** Fed. R. Civ. P 23(a)(1) Upon information and belief, Plaintiffs allege that the class members are so numerous that joinder of all is impractical. The names and addresses of the class members are identifiable through the internal business records maintained by PRA, and the class members may be notified of the pendency of this action by published and/or mailed notice.

11. **Predominance of Common Questions of Law and Fact.** FED. R. CIV. P. 23(a)(2). Common questions of law and fact exist as to all members of the putative class, and there are no factual or legal issues that differ between the putative class members. These questions predominate over the questions affecting only individual class members.

12. **Typicality.** FED. R. CIV. P. 23(a)(3) Plaintiffs' claims are typical of the claims of each putative class member. In addition, Plaintiffs are entitled to relief under the same causes of action as the other members of the putative class.

13. **Adequacy of Representation.** FED. R. CIV. P. 23(a)(4) Plaintiffs are adequate representatives of the putative class, because their interests coincide with, and are not antagonistic to, the interests of the members of the Class they seek to represent; they have

retained counsel competent and experienced in such litigation; and they have and intend to continue to prosecute the action vigorously.  Plaintiffs and their counsel will fairly and adequately protect the interests of the members of the Class.

14. **Superiority.** **FED. R. CIV. P. 23(b)(3)** Questions of law and fact common to the Class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy.  The damages sought by each member are such that individual prosecution would prove burdensome and expensive, given the complex and extensive litigation necessitated by Defendant's conduct.  It would be virtually impossible for members of the Class individually to effectively redress the wrongs done to them.  Even if the members of the Class themselves could afford such individual litigation, it would be an unnecessary burden on the Courts.  Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the complex legal and factual issues raised by Defendant's conduct.  By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in a case.

15. **Injunctive Relief Appropriate for the Class.**  **FED. R. CIV. P. 23(b)(2).** Class certification is appropriate because Defendant has acted on grounds generally applicable to the Class, making appropriate equitable injunctive relief with respect to Plaintiffs and the Class members.

**COUNT ONE:**
**VIOLATION OF 15 U.S.C. § 1692d(1)**

16. Plaintiffs restate each of the allegations in the preceding paragraphs as if set forth at length herein.

17. Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692d(1) by its actions, which include, but are not limited to, using criminal means to harm the Plaintiffs and the putative class members.

18. As a result of the actions taken by Defendant, which include, but are not limited to, attempting to garnish funds that were not awarded in the underlying judgment, or which were not otherwise proper under Virginia law, the Defendant committed numerous violations of Virginia Code § 8.01-511, an offense classified as a Class 1 misdemeanor.

19. Plaintiffs and the putative class members are therefore entitled to actual or statutory damages against Defendant, as well as their reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

**COUNT TWO:**
**VIOLATION OF 15 U.S.C. § 1692e(2)(A)**

20. Plaintiffs restate each of the allegations in the preceding paragraphs as if set forth at length herein.

21. Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692e(2)(A) by its actions, which include, but are not limited to, the false representation of the character, amount, or legal status of any debt.

22. Plaintiffs and the putative class members are therefore entitled to actual or statutory damages against Defendant, as well as their reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

**COUNT THREE:**
**VIOLATION OF 15 U.S.C. § 1692e(2)(B)**

23. Plaintiffs restate each of the allegations in the preceding paragraphs as if set forth at length herein.

24. Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692e(2)(B) by its actions, which include, but are not limited to, the false representation of the services rendered or compensation that may be lawfully received by any debt collector for the collection of a debt.

25. Plaintiffs and the putative class members are therefore entitled to actual or statutory damages against Defendant, as well as their reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

## COUNT FOUR:
## VIOLATION OF 15 U.S.C. § 1692e(5)

26. Plaintiffs restate each of the allegations in the preceding paragraphs as if set forth at length herein.

27. Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692e(5) by its actions, which include, but are not limited to, threatening to take legal action that could not legally be taken.

28. Plaintiffs and the putative class members are therefore entitled to actual or statutory damages against Defendant, as well as their reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

## COUNT FIVE:
## VIOLATION OF 15 U.S.C. § 1692e(10)

29. Plaintiffs restate each of the allegations in the preceding paragraphs as if set forth at length herein.

30. Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692e(10) by its actions, which include, but are not limited to, using false representation in a means to collect a debt.

31. Plaintiffs and the putative class members are therefore entitled to actual or statutory damages against Defendant, as well as their reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

**COUNT SIX:**
**VIOLATION OF 15 U.S.C. § 1692f(1)**

32. Plaintiffs restate each of the allegations in the preceding paragraphs as if set forth at length herein.

33. Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692f(1) by its actions, which include, but are not limited to, collection of amounts not permitted by law.

34. Plaintiffs and the putative class members are therefore entitled to actual or statutory damages against Defendant, as well as their reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

WHEREFORE, Plaintiffs, on behalf of themselves and the putative class members, move for class certification and for actual and statutory damages, attorney's fees and costs, pursuant to the Fair Debt Collection Practices Act, and such other relief the Court deems just, equitable, and proper.

**TRIAL BY JURY IS DEMANDED.**

Respectfully submitted,
**TAMICA N. ANDERSON,**
**DIANA B. JOHNSON,**
**BRENDA J. MARRIOTT,**
**ERNEST B. NOVELLO,**
and

**JENNIFER SCOTT** *on behalf of*
*themselves and all similarly situated*
*individuals*

By _Match____A Ceamp____
　　　Of Counsel

MATTHEW J. ERAUSQUIN, VSB# 65434
LEONARD A. BENNETT, VSB# 37523
ROBIN A. ABBOTT, VSB# 46596
Counsel for the Plaintiffs
Consumer Litigation Associates, P.C.
1800 Diagonal Road, Suite 600
Alexandria, VA  22314
Telephone:      (703) 273-7770
Facsimile:      (888) 892-3512
matt@clalegal.com

8