IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

TAMICA N. ANDERSON, DIANA B.
JOHNSON, BRENDA J. MARRIOTT,
ERNEST B. NOVELLO, and JENNIFER
SCOTT, *on behalf of themselves and all
Similarly situated individuals*,

      **Plaintiff,**

v.                                                                                             Civil Action No: 3:11CV604

PORTFOLIO RECOVERY ASSOCIATES,
LLC,

      **Defendant.**

**PORTFOLIO RECOVERY ASSOCIATES, LLC'S
MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS**

    Defendant, Portfolio Recovery Associates, LLC ("PRA"), by counsel, submits this memorandum in support of its Motion to Dismiss with regard to the Class Action Complaint ("Complaint") filed by Plaintiffs, Tamica N. Anderson, Diana B. Johnson, Brenda J. Marriott, Ernest B. Novello, and Jennifer Scott ("Plaintiffs").

### Introduction

    Plaintiffs have launched a purported class action on behalf of "numerous" individuals, imposing expensive litigation on PRA, and seeking potentially substantial liability, based on a Complaint that relies on bare-bones factual pleadings and formulaic recitals of the causes of action. The Complaint does not give PRA fair factual notice of what it is actually accused of and fails to establish, on its face, that this case is even potentially amenable to class treatment. Given the stakes here, the Court should dismiss the Complaint or, alternatively, should require Plaintiffs to go beyond their vague allegations by spelling out, with facts, what exactly allegedly happened

that gave rise to the Complaint, the causes of action contained therein, and how those facts create even the possibility of a class certification under Fed. R. Civ. P. 23.

## Factual Allegations[1]

The Complaint attempts to state six causes of action against PRA based upon various supposed violations of the Fair Debt Collection Practices Act ("FDCPA"), which are established on only the following limited four factual allegations:

> 5. Defendant PRA sued Plaintiffs in the various General District Courts of the Commonwealth of Virginia in an attempt to collect alleged debts.
>
> 6. Defendant thereafter obtained judgments against the Plaintiffs.
>
> 7. Following the entry of judgment, PRA attempted to collect or did collect principal amounts, post-judgment interest, judgment costs and/or garnishment costs in excess of the amount either awarded by the Courts, or allowed by applicable Virginia law via the use of the garnishment process.
>
> 8. One or more misrepresentations made by the Defendant in its efforts to extract money from the Plaintiffs that was not owed by them constituted a Class 1 misdemeanor under Virginia law.

*See* Compl., ¶¶ 5-8. The remaining paragraphs of the Complaint merely contain formulaic recitals of statutory language or conclusory legal allegations.

Based on these conclusory and fact-deficient allegations, Plaintiffs claim that PRA acted contrary to various provisions of the FDCPA by: (1) purportedly using "criminal means" to collect debts in violation of 15 U.S.C. § 1692d(1) (*see* Count One, Compl., ¶ 18); (2) "making a false representation of the character, amount, or legal status of the debt" in violation of 15 U.S.C. § 1692e(2)(A) (*see* Count Two, Compl., ¶ 21); (3) making "false representation of the services rendered or compensation that may be lawfully received by any debt collector for the collection

---

[1] The Statement of Alleged Facts is based upon the allegations contained in the Complaint. Although PRA disagrees with Plaintiffs' claims, for the limited purpose of this motion, the allegations contained in the Complaint are taken as true. Obviously, PRA is not required to take as true the conclusory, non-factual allegations or legal conclusions contained in the Complaint.

2

of a debt" in violation of 15 U.S.C. § 1692e(2)(B) (*see* Count Three, Compl., ¶ 25); (4) "threatening to take legal action that could not be legally taken" in violation of 15 U.S.C. § 1692e(5) (*see* Count Four, Compl., ¶ 27); (5) "using false representation[s] in a means to collect a debt" in violation of 15 U.S.C. § 1692e(10) (*see* Count Five, Compl., ¶ 30); and (6) the "collection of amounts not permitted by law" in violation of 15 U.S.C. § 1692f(1) (*see* Count Six, Compl., ¶ 33). The Complaint provides little, if any, facts to explain how PRA supposedly violated each of these provisions of the FDCPA, such as the supporting who, what, when, why and where factual detail for the allegedly "false representations," "threats" and "collection of amounts not permitted by law."

## Class Allegations

The Complaint's class allegations are even more hollow. The Complaint proposes putative class and subclass definitions and then mechanically tracks the requirements of Fed. R. Civ. P. 23 relating to numerosity, predominance of common questions of law and fact, typicality, adequacy of representation, and superiority. *See* Compl., ¶¶ 9-14. Of particular significance to this motion are the scant allegations in the Complaint relating to three essential elements of a class action, predominance of common questions of law and fact, typicality and superiority:

11. **Predominance of Common Questions of Law and Fact. FED. R. CIV. P. 23(a)(2).** Common questions of law and fact exist as to all members of the putative class, and there are no factual or legal issues that differ between the putative class members. These questions predominate over the questions affecting only individual class members.

12. **Typicality. FED. R. CIV. P. 23(a)(3)** Plaintiffs' claims are typical of the claims of each putative class member. In addition, Plaintiffs are entitled to relief under the same causes of action as the other members of the putative class.

\* \* \*

14. **Superiority.** FED. R. CIV. P. 23(a)(3) Questions of law and fact common to the Class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy. . . .

*See* Compl., ¶¶ 11, 12; and 14. The allegations attempting to establish a *prima facie* case for class treatment are mere formulaic recitals of the requirements of Fed. R. Civ. P. 23.

### Standard of Review

PRA brings this motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). A motion to dismiss tests the sufficiency of the plaintiff's initial pleading and does not resolve contests surrounding the facts or the merits of a claim. *See Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). Neverless, a "pleading that offers 'legal conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *Stidham v. Jackson*, 2:07-cv-00028, 2007 U.S. Dist. LEXIS 54032, at *13 (W.D. Va. July 26, 2007) (legal conclusions "couched as factual allegations need not be accepted as true").

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570); *see also* Fed. R. Civ. P. 8(a)(2) (pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief"). A claim is "factually plausible" when the claimant pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In *Iqbal*, the Supreme Court enunciated a "two-step" test for determining whether a complaint survives dismissal:

> First, the tenant that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not

> suffice … Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will … be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.

129 S. Ct. at 1949-50. Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to assumption of truth." *Id.* at 1950. If any factual allegations remain, the Court then should review them to determine if the plaintiff has stated a plausible claim for relief. *Id.*

## Argument

I. **PRA's Motion to Dismiss Should Be Granted Because the Complaint Is Replete with Fact-Challenged, Conclusory and Formulaic Recitals that Do Not Satisfy the Supreme Court's Pleading Requirements Set Forth in *Twombly* and *Iqbal*.**

Each of the six counts of the Complaint suffers from the same fundamental pleading problem: the Complaint fails to set forth non-conclusory facts specifying the claimed misconduct by PRA, namely, which collection actions are not permitted by law or violated some criminal statute (including Va. Code § 8.01-511) as well as what exact "false representations," false statements, false representations of services rendered, false claims, criminal behavior or threats were made or done by PRA. The required who, what, when, where, and how details supporting these conclusory statements are wholly absent from the Complaint. For instance, the Complaint makes no mention of the identity of the speaker, and the time, place, manner, and exact words used to constitute any "false representations" made by PRA. Also, the Complaint fails to delineate the nature of the "funds" alleged to be improperly garnished, including with respect to each plaintiff. The Complaint provides no facts to explain how PRA supposedly used "criminal means." The law requires more – much more – before allowing these claims to proceed and requiring PRA to deal with the cost, expense and extensive discovery associated with a class action lawsuit.

5

In order to prevail on a claim under the FDCPA, a plaintiff must sufficiently allege that "(1) the plaintiff is the object of a collection activity arising from a consumer debt as defined by the FDCPA, (2) the defendant is a debt collector as defined by the FDCPA, and (3) the defendant engaged in an act or omission under the FDCPA." *Jones*, 2011 U.S. Dist. LEXIS at *5-7 (citing *Dikun v. Streich*, 369 F. Supp. 2d 781, 784-85 (E.D. Va. 2005) (citation omitted.) The issue here is whether PRA engaged in an act or omission under the FDCPA.

The only allegations of fact, as opposed to formulaic recitals of statutory language, come in paragraphs 5 through 8 of the Complaint. Plaintiffs allege that "PRA sued Plaintiffs in various [Virginia] General District Courts … in an attempt to collect alleged debts." (Compl., ¶ 5.) "[PRA] thereafter obtained judgments against the Plaintiffs." (Compl., ¶ 6.) "Following the entry of judgment, PRA attempted to collect or did collect principal amounts, post-judgment interest, judgment costs and/or garnishment costs in excess of the amount awarded by the Courts or allowed by applicable Virginia law via the use of the garnishment process." (Compl., ¶ 7).

*Twombly* and *Iqbal* clearly require more factual allegations than what Plaintiffs have alleged here. The Supreme Court in *Iqbal* reiterated that Rule 8 of the Federal Rules of Civil Procedure requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *See Iqbal*, 129 S. Ct. at 1949. Only a complaint that states "a plausible claim for relief" can survive a motion to dismiss. *Id.* "A claim has facial plausability when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged … The plausability standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* A complaint that contains facts which are "merely consistent with" defendant's liability is

not sufficient, because it "stops short of the line between possibility and the plausibility of entitlement to relief." *Id.* (internal citations omitted).

This Court has had no difficulty in granting a motion to dismiss when it recognizes a deficiently pleaded complaint. *See Hailey v. Bank of Am., N.A.*, 2011 U.S. Dist. LEXIS 72410 (E.D. Va. July 1, 2011) (J. Hudson) (dismissing plaintiff's TILA claim on a Rule 12(b)(6) motion because the complaint does not specify what kind of violations occurred); *Abbott v. SunTrust Mortg., Inc.*, 2009 U.S. Dist. LEXIS 2900 (E.D. Va. Jan. 15, 2009) (J. Payne) (granting defendant's motion to dismiss because plaintiff had failed to indicate the nature of any alleged violation of the FDCPA). Moreover, numerous courts have held that a motion to dismiss should be granted when an FDCPA claim fails to identify the particular facts which lead to the alleged violation. *See, e.g., Townsend v. Chase Bank USA*, 2009 U.S. Dist. LEXIS 13116, at *6-7 (C.D. Cal. Feb. 15, 2009). The court in *Townsend* granted defendant's motion to dismiss stating that other "[c]ourts have held that the date and contents of each alleged communication in violation of the FDCPA must be [pleaded] with particularity … Here, [p]laintiff fails to cite specific instances of communications violating the FDCPA. Plaintiff … gives only vague descriptions of false, misleading, or harassing communications [p]laintiffs received from [d]efendants and fails to identify the persons making such communications, the dates those communications were received, or even the contents of the communications." *Id; see e.g., McVey v. Bay Area Credit Serv.*, 2010 U.S. Dist. LEXIS 130923 (N.D. Tex. July 26, 2010) (dismissing complaint for threadbare recitals of FDCPA claim); *Sembler v. Attention Funding Trust*, 2009 U.S. Dist. LEXIS 88239, at *7-8 (E.D.N.Y. Sept. 3, 2009) (denying a motion for reconsideration of denial of plaintiff's claims and stating that "[r]ather than pleading the approximate number, date and content of the alleged improper communications by the … defendants, plaintiff simply asks the

[c]ourt to infer that these communications occurred under circumstances that would constitute a violation of the FDCPA. In so relying, as the [Magistrate's] Report correctly concludes, [the plaintiff] fails to raise his claims above the speculative level"); *Velazquez v. Arrow Fin. Serv., L.L.C.*, 2009 U.S. Dist. LEXIS 77650, at *6 (S.D. Cal. Aug. 31, 2009) (dismissing plaintiff's complaint and holding that "[p]laintiff has not shown that [d]efendant's state court complaint could have misled such a hypothetical debtor. In fact, [p]laintiff's [complaint] does not even show that [d]efendant's collection suit involved false allegations. Plaintiff alleges that [d]efendant sought to collect a debt not actually owed, but fails to substantiate these allegations with something more than conclusory allegations not entitled to the assumption of truth"); *Nicholas v. CMRE Fin. Serv., Inc.*, 2009 U.S. Dist. LEXIS 49105 (D.N.J. June 11, 2009) (granting defendant's motion for more definite statement because of plaintiff's failure to include the relevant time frame and the content of the telephone calls) (unpublished opinion); *Sullivan v. CTI Collection Serv.*, 2009 U.S. Dist. LEXIS 47206 (M.D. Fla. June 5, 2009) (threadbare recitals of an FDCPA claim are insufficient); *Hernandez v. Cal. Reconveyance Co.*, 2009 U.S. Dist. LEXIS 13936 (E.D. Cal. Feb. 23, 2009) (motion to dismiss granted because complaint lacks allegations of harassment or abuse to violate § 1692d or § 1692e).

Plaintiffs have utterly failed to plead *any* factual allegations of any false claims, false representations, threats, criminal behavior, or actions taken by PRA, which would lead to violations of the FDCPA. Under the pleading standards delineated by the Supreme Court in *Twombly* and *Iqbal*, the Complaint must be dismissed.

## II. The Class Allegations Are Insufficient under Fed. R. Civ. 23 and *Dukes* and Should be Dismissed.

It is a foregone conclusion that if Plaintiffs have not alleged claims that satisfy *Twombly* and *Iqbal* then they cannot have adequately stated class claims for the same FDCPA violations.

8

Even assuming that Plaintiffs have sufficiently alleged an FDCPA claim, Plaintiffs' class action allegations remain wholly deficient. Plaintiffs rely on threadbare assertions and recitals of the elements under Rule 23 of the Federal Rules of Civil Procedure. For example, paragraph 11 states in a conclusory fashion that "[c]ommon questions of law and fact exist as to all members of the putative class, and there are no factual or legal issues that differ between the putative class members. These questions predominate over the questions affecting only individual class members."

Commonality requires a showing that there are "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). A moving party must "demonstrate that the class members have suffered the same injury, and that the claim depends upon a common contention that is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011). The moving party will not satisfy the commonality requirement "if the court must investigate each plaintiff's individual claim." *Kuei-I Wu v. Mamsi Life & Health Ins. Co.*, 269 F.R.D. 554, 559 (D. Md. 2010). Essentially, "the common questions must be dispositive and overshadow other issues." *Id.*

Arguably, Plaintiffs have recited the classic elements of Rule 23, but they have utterly failed to delineate in any way, much less in any meaningful way, *any* specific common questions of law and fact for the putative class members let alone that they are "predominant" common questions of law and fact. The Complaint fails to identify even one of the supposedly common questions. Indeed, because the allegations of the allegedly underlying wrongdoing is so threadbare, even the possibility of a common question cannot be inferred. Moreover, the Complaint does not address factually whether the representations, threats, and criminal behavior

that seem to be the crux of the claims are identical, or so nearly so that they can support a class action. These allegations are factually insufficient to put PRA on any type of reasonable notice or satisfy *Twombly* and *Iqbal*.

In sum, Plaintiffs' class actions fall far short of what is required. Under *Iqbal*, a "pleading that offers 'legal conclusions' of 'a formulaic recitation of the elements of a cause of action will not'" survive a motion to dismiss. 129 S. Ct. at 1949 . Indeed, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id*. at 1950. Instead, the Complaint must contain sufficient factual allegations to "nudge" the asserted claims across the line from conceivable to plausible. *See Twombly*, 550 U.S. at 544.

The class allegations here are nothing but legal conclusions. When those conclusory allegations are disregarded, nothing is left. Thus, the class claims must be dismissed.

## Conclusion

WHEREFORE, Defendant, Portfolio Recovery Associates, LLC, respectfully requests that the Court enter an Order: (1) dismissing Plaintiffs' Complaint with prejudice, or, in the alternative, requiring Plaintiffs to file an Amended Complaint identifying the time, place, manner, speaker, and substance of all misrepresentations, including the identification of all false claims, false statements, false representations, and what collection actions were not permitted by law and identifying the "factual basis" for the allegations of satisfaction of the prerequisites under Rule 23(a) and 23(b)(3) for class relief, including, without limitation, identification of what common issue(s) of law Plaintiffs' contend warrant class relief; (2) awarding PRA its costs and expenses incurred herein; and (3) awarding PRA such further relief as the Court deems appropriate.

that seem to be the crux of the claims are identical, or so nearly so that they can support a class action. These allegations are factually insufficient to put PRA on any type of reasonable notice or satisfy *Twombly* and *Iqbal*.

In sum, Plaintiffs' class actions fall far short of what is required. Under *Iqbal*, a "pleading that offers 'legal conclusions' of 'a formulaic recitation of the elements of a cause of action will not'" survive a motion to dismiss. 129 S. Ct. at 1949 . Indeed, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id*. at 1950. Instead, the Complaint must contain sufficient factual allegations to "nudge" the asserted claims across the line from conceivable to plausible. *See Twombly*, 550 U.S. at 544.

The class allegations here are nothing but legal conclusions. When those conclusory allegations are disregarded, nothing is left. Thus, the class claims must be dismissed.

## Conclusion

WHEREFORE, Defendant, Portfolio Recovery Associates, LLC, respectfully requests that the Court enter an Order: (1) dismissing Plaintiffs' Complaint with prejudice, or, in the alternative, requiring Plaintiffs to file an Amended Complaint identifying the time, place, manner, speaker, and substance of all misrepresentations, including the identification of all false claims, false statements, false representations, and what collection actions were not permitted by law and identifying the "factual basis" for the allegations of satisfaction of the prerequisites under Rule 23(a) and 23(b)(3) for class relief, including, without limitation, identification of what common issue(s) of law Plaintiffs' contend warrant class relief; (2) awarding PRA its costs and expenses incurred herein; and (3) awarding PRA such further relief as the Court deems appropriate.

**PORTFOLIO RECOVERY ASSOCIATES, LLC**

By:   /s/Alan D. Wingfield
      Alan D. Wingfield
      Virginia State Bar No. 27489
      *Counsel for Portfolio Recovery Associates, LLC*
      TROUTMAN SANDERS LLP
      1001 Haxall Point
      Richmond, VA 23219
      (804) 697-1200 (telephone)
      (804) 698-1339 (facsimile)
      Email: alan.wingfield@troutmansanders.com

      David N. Anthony
      Virginia State Bar No. 31696
      *Counsel for Portfolio Recovery Associates, LLC*
      TROUTMAN SANDERS LLP
      1001 Haxall Point
      Richmond, VA 23219
      (804) 697-1200 (telephone)
      (804) 698-1339 (facsimile)
      Email: david.anthony@troutmansanders.com

      Jimmy F. Robinson, Jr.
      Virginia State Bar No. 43622
      *Counsel for Portfolio Recovery Associates, LLC*
      TROUTMAN SANDERS LLP
      1001 Haxall Point
      Richmond, VA 23219
      (804) 697-1200 (telephone)
      (804) 698-1339 (facsimile)
      Email: jimmy.robinson@troutmansanders.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 22, 2011, I filed a true and correct copy of the foregoing through the Electronic Filing System, which will send a notice of electronic filing to:

>Matthew James Erausquin
>Consumer Litigation Associates PC (Alex)
>1800 Diagonal Rd, Suite 600
>Alexandria, VA 22314
>Telephone:  703-273-6080
>Facsimile: 888-892-3512
>Email: matt@clalegal.com
>
>Leonard Anthony Bennett
>Consumer Litigation Associates
>763 J Clyde Morris Boulevard, Suite 1A
>Newport News, VA 23601
>Telephone: 757-930-3660
>Facsimile: 757-930-3662
>Email: lenbennett@cox.net
>
>Robin Ann Abbott
>Consumer Litigation Associates
>763 J Clyde Morris Boulevard, Suite 1A
>Newport News, VA 23601
>Telephone: (757) 930-3660
>Facsimile: (757) 930-3662
>Email: rabbottlaw@msn.com
>
>*Counsel for Plaintiffs*

>/s/Alan D. Wingfield
>Alan D. Wingfield
>Virginia State Bar No. 27489
>*Counsel for Portfolio Recovery Associates, LLC*
>TROUTMAN SANDERS LLP
>1001 Haxall Point
>Richmond, VA 23219
>(804) 697-1200 (telephone)
>(804) 698-1339 (facsimile)
>Email: alan.wingfield@troutmansanders.com

*#2117591v1*