UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| TAMICA N. ANDERSON, DIANA B. JOHNSON, BRENDA J. MARRIOTT, ERNEST B. NOVELLO, and JENNIFER SCOTT, *on behalf of themselves and all similarly situated individuals* <br><br> Plaintiffs, <br><br> v. <br><br> PORTFOLIO RECOVERY ASSOCIATES, LLC <br><br> Defendant. | Civil Action No. 3:11cv604 |

**FIRST AMENDED COMPLAINT**

COME NOW the Plaintiffs, Tamica N. Anderson, Diana B. Johnson, Brenda J. Marriott, Ernest B. Novello, and Jennifer Scott (or the "Plaintiffs"), by counsel, on behalf of themselves and all others similarly situated, and as for their Complaint against the Defendant, they allege as follows:

1. This is a class action for actual and statutory damages, costs, and attorney's fees brought pursuant to 15 U.S.C. § 1692 et seq. (the Fair Debt Collection Practices Act or "FDCPA"). Defendant Portfolio Recovery Associates regularly and routinely uses the state garnishment process to extract money from consumers that exceeds the amount awarded by the state court in the underlying judgment or that is otherwise permissible by law. These misrepresentations constitute a Class 1 misdemeanor in Virginia and thus certainly are false, deceptive and unfair debt collection practices prohibited by federal law. Specifically, the Defendant collects unauthorized "garnishment costs" that are not permitted by Virginia law to be

assessed against the judgment debtor. A cursory review of an electronic data compilation produced by the Supreme Court of Virginia to Plaintiffs' counsel reveals that these consumers are readily identifiable and the harm caused by these violations of state and federal law is substantial.

## JURISDICTION

2. Jurisdiction is proper pursuant to 15 U.S.C. § 1692k and 28 U.S.C. § 1331.

## PARTIES

3. Plaintiffs are natural persons and at all times relevant hereto were "consumers" as defined and governed by the FDCPA.

4. Defendant Portfolio Recovery Associates, LLC, (or "PRA"), is a Delaware limited liability company with its headquarters and principal place of business located in Virginia Beach, Virginia. It regularly collects debts from consumers located across the Commonwealth of Virginia. At all times relevant hereto, PRA was a "debt collector" as that term is defined by the FDCPA.

## STATEMENT OF FACTS

5. The Defendant sued the named Plaintiffs and class members in General District Court collection cases in an attempt to collect debts from them.

6. Thereafter, the Court entered judgments against each Plaintiff and in favor of the Defendant.

7. After the judgments were entered, the Defendant initiated various garnishment actions in an attempt to collect the outstanding judgment.

8. In these garnishment actions, the Defendant attempted to collect funds that were not awarded by the Court when it issued the underlying judgment or otherwise authorized by

Virginia law.  Specifically, the Defendant unlawfully attempted to collect $97.00 in garnishment costs from Plaintiffs Anderson and Scott, $92.00 in garnishment costs from Plaintiffs Marriott and Novello, and $89.00 in garnishment costs from Plaintiff Johnson.

9. Virginia law only provides for the assessment of garnishment costs against the garnishee, and then only when the garnishee appears to be liable for more than what is delivered and paid, or fails to respond.  Virginia Code §8.01-521.  In any event, Virginia law does not authorize the collection of garnishment costs from the judgment debtor. Therefore, in the absence of an order from the court expressly authorizing the same, the collection or attempted collection of these amounts from a judgment debtor is unlawful.

10. Upon information and belief, the Defendant's post-judgment collection actions taken with regard to Virginia consumers generally were part of a pattern and practice of attempting to collect amounts in excess of the underlying court judgment in violation of Virginia law.  Each such instance that the Defendant submitted a falsified garnishment suggestion constituted a criminal offense, a Class 1 misdemeanor as per Virginia Code §8.01-511, and thus also violated the Fair Debt Collection Practices Act.

## CLASS ACTION ALLEGATIONS

11. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiffs bring this action for themselves and on behalf of a class initially defined as follows:

> All natural persons sued by the Defendant in a General District Court located within the Eastern District of Virginia, Richmond Division, who suffered a judgment in favor of the Defendant, and thereafter were the subject of garnishment proceedings in which the Defendant attempted to collect garnishment costs against that judgment debtor.
>
> Subclass 1:  All natural persons sued by the Defendant in a General District Court located within the Eastern District of Virginia, Richmond Division, who suffered a judgment in favor of the Defendant, and thereafter were the subject of garnishment proceedings in which the Defendant successfully collected garnishment costs from the judgment debtor.  ("the actual damages subclass")

Subclass 2: All natural persons sued by the Defendant in a General District Court located within the Eastern District of Virginia, Richmond Division, who suffered a judgment in favor of the Defendant, and thereafter were the subject of garnishment proceedings in which the Defendant unsuccessfully attempted to collect garnishment costs. ("the statutory damages subclass").

12. **Numerosity. Fed. R. Civ. P 23(a)(1)** Upon information and belief, Plaintiffs allege that the class members are so numerous that joinder of all is impractical. The names and addresses of the class members are identifiable through the internal business records maintained by PRA, as well as through the public records of the General District Courts in the Commonwealth of Virginia, and the class members may be notified of the pendency of this action by published and/or mailed notice.

13. **Predominance of Common Questions of Law and Fact. FED. R. CIV. P. 23(a)(2).** Common questions of law and fact exist as to all members of the putative class, and there are no factual or legal issues that differ between the putative class members. These questions predominate over the questions affecting only individual class members.

14. **Typicality. FED. R. CIV. P. 23(a)(3)** Plaintiffs' claims are typical of the claims of each putative class member. In addition, Plaintiffs are entitled to relief under the same causes of action as the other members of the putative class.

15. **Adequacy of Representation. FED. R. CIV. P. 23(a)(4)** Plaintiffs are adequate representatives of the putative class, because their interests coincide with, and are not antagonistic to, the interests of the members of the Class they seek to represent; they have retained counsel competent and experienced in such litigation; and they have and intend to continue to prosecute the action vigorously. Plaintiffs and their counsel will fairly and adequately protect the interests of the members of the Class.

16. **Superiority. FED. R. CIV. P. 23(b)(3)** Questions of law and fact common to the Class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy. The damages sought by each member are such that individual prosecution would prove burdensome and expensive, given the complex and extensive litigation necessitated by Defendant's conduct. It would be virtually impossible for members of the Class individually to effectively redress the wrongs done to them. Even if the members of the Class themselves could afford such individual litigation, it would be an unnecessary burden on the Courts. Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the complex legal and factual issues raised by Defendant's conduct. By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in a case.

## COUNT ONE:
## VIOLATION OF 15 U.S.C. § 1692d(1)

17. Plaintiffs restate each of the allegations in the preceding paragraphs as if set forth at length herein.

18. Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692d(1) by its actions, which include, but are not limited to, using criminal means to harm the Plaintiffs and the putative class members.

19. As a result of the actions taken by Defendant, which include, but are not limited to, attempting to garnish funds that were not awarded in the underlying judgment, or which were not otherwise proper under Virginia law, the Defendant committed numerous violations of Virginia Code § 8.01-511, an offense classified as a Class 1 misdemeanor.

20. Plaintiffs and the putative class members are therefore entitled to statutory damages against Defendant, as well as their reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

21. The Actual Damage subclass seeks actual damages in an amount equal to all garnishment costs actually collected.

## COUNT TWO:
## VIOLATION OF 15 U.S.C. § 1692e(2)(A)

22. Plaintiffs restate each of the allegations in the preceding paragraphs as if set forth at length herein.

23. Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692e(2)(A) by its actions, which include, but are not limited to, the false representation of the character, amount, or legal status of any debt.

24. Plaintiffs and the putative class members are therefore entitled to statutory damages against Defendant, as well as their reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

25. The Actual Damage subclass seeks actual damages in an amount equal to all garnishment costs actually collected.

## COUNT THREE:
## VIOLATION OF 15 U.S.C. § 1692e(2)(B)

26. Plaintiffs restate each of the allegations in the preceding paragraphs as if set forth at length herein.

27. Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692e(2)(B) by its actions, which include, but are not limited to, the false representation of the

services rendered or compensation that may be lawfully received by any debt collector for the collection of a debt.

28. Plaintiffs and the putative class members are therefore entitled to statutory damages against Defendant, as well as their reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

29. The Actual Damage subclass seeks actual damages in an amount equal to all garnishment costs actually collected.

## COUNT FOUR:
## VIOLATION OF 15 U.S.C. § 1692e(5)

30. Plaintiffs restate each of the allegations in the preceding paragraphs as if set forth at length herein.

31. Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692e(5) by its actions, which include, but are not limited to, taking or threatening to take action that could not legally be taken.

32. Plaintiffs and the putative class members are therefore entitled to statutory damages against Defendant, as well as their reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

33. The Actual Damage subclass seeks actual damages in an amount equal to all garnishment costs actually collected.

## COUNT FIVE:
## VIOLATION OF 15 U.S.C. § 1692e(10)

34. Plaintiffs restate each of the allegations in the preceding paragraphs as if set forth at length herein.

35. Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692e(10) by its actions, which include, but are not limited to, using false representation in a means to collect a debt.

36. Plaintiffs and the putative class members are therefore entitled to statutory damages against Defendant, as well as their reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

37. The Actual Damage subclass seeks actual damages in an amount equal to all garnishment costs actually collected.

## COUNT SIX:
## VIOLATION OF 15 U.S.C. § 1692f(1)

38. Plaintiffs restate each of the allegations in the preceding paragraphs as if set forth at length herein.

39. Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692f(1) by its actions, which include, but are not limited to, collection of amounts not permitted by law.

40. Plaintiffs and the putative class members are therefore entitled to statutory damages against Defendant, as well as their reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

41. The Actual Damage subclass seeks actual damages in an amount equal to all garnishment costs actually collected.

WHEREFORE, Plaintiffs, on behalf of themselves and the putative class members, move for class certification and for actual and statutory damages, attorney's fees and costs, pursuant to the Fair Debt Collection Practices Act, and such other relief the Court deems just, equitable, and proper.

**TRIAL BY JURY IS DEMANDED**.

Respectfully submitted,
**TAMICA N. ANDERSON,**
**DIANA B. JOHNSON,**
**BRENDA J. MARRIOTT,**
**ERNEST B. NOVELLO,**
and
**JENNIFER SCOTT** *on behalf of themselves and all similarly situated individuals*


By_____s/_____
             Of Counsel

LEONARD A. BENNETT, VSB #37523
SUSAN M. ROTKIS, VSB#40693
CONSUMER LITIGATION ASSOCIATES, P.C.
763 J. Clyde Morris Boulevard, Suite 1A
Newport News, VA 23601
Tel:   (757) 930-3660
Fax:   (757) 930-3662
E-mail:  lenbennett@cox.net
E-mail:  srotkis@clalegal.com

MATTHEW J. ERAUSQUIN, VSB #65434
CONSUMER LITIGATION ASSOCIATES, P.C.
1800 Diagonal Road, Suite 600
Alexandria, VA 22314
Tel:   (703) 273-7770
Fax:   (888) 892-3512
E-mail:  matt@clalegal.com


DALE W. PITTMAN, VSB#15673
THE LAW OFFICE OF DALE W. PITTMAN, P.C.
112-A West Tabb Street
Petersburg, VA 23803-3212
Tel:   (804) 861-6000
Fax:   (804) 861-3368
E-mail:dale@pittmanlawoffice.com
*Counsel for the Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of January 2012, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

**Alan Wingfield**
**David Neal Anthony**
Troutman Sanders LLP
1001 Haxall Point
PO Box 1122
Richmond, VA 23218-1122
Tel:   804-697-5410
804-698-5118 (fax)
david.anthony@troutmansanders.com

*Counsel for the Defendants*

　　　　　　　　/s/
LEONARD A. BENNETT, VSB #37523
CONSUMER LITIGATION ASSOCIATES, P.C.
763 J. Clyde Morris Boulevard, Suite 1A
Newport News, VA 23601
Tel:   (757) 930-3660
Fax:   (757) 930-3662
E-mail:  lenbennett@cox.net
E-mail:  srotkis@clalegal.com