IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

TAMICA N. ANDERSON, DIANA B.
JOHNSON, BRENDA J. MARRIOTT,
ERNEST B. NOVELLO, and JENNIFER
SCOTT, *on behalf of themselves and all
similarly situated individuals*,

        Plaintiffs,

v.

PORTFOLIO RECOVERY
ASSOCIATES, LLC,

        Defendant.

Civil Action No. 3:11-cv-604 (JRS)

## ANSWER

Defendant, Portfolio Recovery Associates, LLC ("PRA"), by counsel, for its Answer to the Class Action Complaint ("Complaint") filed by plaintiffs, Tamica N. Anderson, Diana B. Johnson, Brenda J. Marriott, Ernest B. Novello, and Jennifer Scott ("Plaintiffs"), and states as follows:

1.    PRA admits that Plaintiffs have filed a purported class action for actual and statutory damages, costs, and attorney's fees pursuant to the Fair Debt Collection Practices Act ("FDCPA"), but that such allegations do not call for a response. PRA denies the remaining allegations contained in paragraph 1 of the Complaint.

## JURISDICTION

2.    The allegations contained in paragraph 2 of the Complaint are legal conclusions, which are not subject to denial or admission.

## PARTIES

3. The allegations contained in paragraph 3 of the Complaint are legal conclusions, which are not subject to denial or admission.

4. PRA admits that it is a Delaware limited liability company with its headquarters and principal place of business located in Norfolk, Virginia. PRA also admits that it regularly collects debts from consumers in the Commonwealth of Virginia. The remaining allegations contained in paragraph 4 of the Complaint are legal conclusion, which are not subject to denial or admission.

## STATEMENT OF FACTS

5. PRA admits the allegations in paragraph 5 of the Complaint.

6. PRA admits the allegations in paragraph 6 of the Complaint.

7. PRA admits the allegations in paragraph 7 of the Complaint.

8. PRA denies the allegations contained in paragraph 8 of the Complaint.

9. The allegations contained in paragraph 9 of the Complaint are legal conclusions, which are not subject to denial or admission. PRA denies the remaining allegations contained in paragraph 9 of the Complaint.

10. PRA denies the allegations in paragraph 10 of the Complaint.

## CLASS ACTION ALLEGATIONS

11. In response to paragraph 11 of the Complaint, PRA admits that Plaintiffs purports to bring this claim on behalf of a class. PRA further admits that Plaintiffs purports to define the class as stated in paragraph 11. PRA denies that this matter may be properly maintained against it as a class action. Except as expressly admitted, Portfolio denies the allegations in paragraph 11.

12. PRA admits that Plaintiffs claim that the numerosity requirement of 23(a)(1) is present and satisfied. This is a legal conclusion, which is not subject to admission or denial. PRA denies that that this matter may properly be maintained against Portfolio as a class action. Except as specifically admitted, PRA denies the remaining allegations contained in paragraph 12 of the Complaint.

13. PRA admits that Plaintiffs claim that the predominance requirement of Rule 23(a)(2) is present and satisfied. This is a legal conclusion, which is not subject to admission or denial. PRA denies that that this matter may properly be maintained against PRA as a class action. Except as specifically admitted, PRA denies the remaining allegations contained in paragraph 13 of the Complaint.

14. PRA admits that Plaintiffs claim that the typicality requirement of Rule 23(a)(3) is present and satisfied. This is a legal conclusion, which is not subject to admission or denial. PRA denies that that this matter may properly be maintained against PRA as a class action. Except as specifically admitted, PRA denies the remaining allegations contained in paragraph 14 of the Complaint.

15. PRA admits that Plaintiffs claim that the adequacy of representation requirement of Rule 23(a)(4) is present and satisfied. This is a legal conclusion, which is not subject to admission or denial. PRA denies that that this matter may properly be maintained against PRA as a class action. Except as specifically admitted, PRA denies the remaining allegations contained in paragraph 15 of the Complaint.

16. PRA admits that Plaintiffs claim that the superiority requirement of Rule 23(b)(3) is present and satisfied. This is a legal conclusion, which is not subject to admission or denial. PRA denies that that this matter may properly be maintained against PRA as a class action.

Except as specifically admitted, PRA denies the remaining allegations contained in paragraph 16 of the Complaint.

## COUNT ONE:
## VIOLATION OF 15 U.S.C. § 1692d(1)

17. In response to paragraph 17 of the Complaint, PRA realleges and hereby incorporates by reference its responses to the allegations in the preceding paragraphs as if fully set forth herein.

18. PRA denies the allegations contained in paragraph 18 of the Complaint.

19. PRA denies the allegations contained in paragraph 19 of the Complaint.

20. PRA denies the allegations contained in paragraph 20 of the Complaint.

21. PRA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 21 of the Complaint, and, therefore, denies the same.

## COUNT TWO:
## VIOLATION OF 15 U.S.C. § 1692e(2)(A)

22. In response to paragraph 22 of the Complaint, PRA realleges and hereby incorporates by reference its responses to the allegations in the preceding paragraphs as if set forth at length herein.

23. PRA denies the allegations contained in paragraph 23 of the Complaint.

24. PRA denies the allegations contained in paragraph 24 of the Complaint.

25. PRA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 25 of the Complaint, and, therefore, denies the same.

## COUNT THREE:
## VIOLATION OF 15 U.S.C. § 1692e(2)(B)

26. In response to paragraph 26 of the Complaint, PRA realleges and hereby incorporates by reference its responses to the allegations in the preceding paragraphs as if set forth at length herein.

27. PRA denies the allegations contained in paragraph 27 of the Complaint.

28. PRA denies the allegations contained in paragraph 28 of the Complaint.

29. PRA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 29 of the Complaint, and, therefore, denies the same.

## COUNT FOUR:
## VIOLATION OF 15 U.S.C. § 1692e(5)

30. In response to paragraph 30 of the Complaint, PRA realleges and hereby incorporates by reference its responses to the allegations in the preceding paragraphs as if set forth at length herein.

31. PRA denies the allegations contained in paragraph 31 of the Complaint.

32. PRA denies the allegations contained in paragraph 32 of the Complaint.

33. PRA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 33 of the Complaint, and, therefore, denies the same.

## COUNT FIVE:
## VIOLATION OF 15 U.S.C. § 1692e(10)

34. In response to paragraph 34 of the Complaint, PRA realleges and hereby incorporates by reference its responses to the allegations in the preceding paragraphs as if set forth at length herein.

35. PRA denies the allegations contained in paragraph 35 of the Complaint.

36. PRA denies the allegations contained in paragraph 36 of the Complaint.

37. PRA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 37 of the Complaint, and, therefore, denies the same.

## COUNT SIX:
## VIOLATION OF 15 U.S.C. § 1692f(1)

38. In response to paragraph 38 of the Complaint, PRA realleges and hereby incorporates by reference its responses to the allegations in the preceding paragraphs as if set forth at length herein.

39. PRA denies the allegations contained in paragraph 39 of the Complaint.

40. PRA denies the allegations contained in paragraph 40 of the Complaint.

41. PRA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 41 of the Complaint, and, therefore, denies the same.

42. PRA denies each and every allegation that is not expressly admitted herein.

43. PRA denies that it is liable to Plaintiffs for any of the requests for relief set forth in the WHEREFORE clause of the Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

### FIRST DEFENSE
### (Failure to State a Claim)

Plaintiffs' claims fail to the extent that the Class Action Complaint fails to set forth facts sufficient to state a claim upon which relief may be granted against PRA and fails to state facts sufficient to entitle Plaintiffs to the relief sought.

### SECOND DEFENSE
### (Bona Fide Error - 15 U.S.C. § 1692k(c))

Plaintiffs' claims fail to the extent that any violation resulted from a bona fide error, notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

### THIRD DEFENSE
### (Statutory Authorization)

Plaintiffs' claims fail to the extent that PRA's actions were authorized by Virginia law.

### FOURTH DEFENSE
### (Terms of Debt Agreement)

Plaintiffs' claims fail to the extent that PRA's actions were authorized by the terms of the underlying agreements creating the debts.

### FIFTH DEFENSE
### (Arbitration Clause in Debt Agreement)

PRA reserves the right to compel arbitration to the extent that it was agreed upon in the underlying agreements creating the debts between Plaintiffs and creditors.

### SIXTH DEFENSE
### (Fair and Conscionable Means)

Plaintiffs' claims fail to the extent that the means employed by PRA to collect the debts at issue were fair and conscionable.

### SEVENTH DEFENSE
### (Truthful Representations)

Plaintiffs' claims fail to the extent that PRA's representations to Plaintiffs were truthful.

### EIGHTH DEFENSE
### (Proximate Cause)

Plaintiffs' claims fail to the extent that PRA's purported damages were the direct and proximate result of the conduct of Plaintiffs or others over whom PRA had neither control nor responsibility.

### NINTH DEFENSE
### (Failure to Mitigate Damages)

Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs failed to mitigate their alleged damages.

### TENTH DEFENSE
### (Setoff)

Plaintiffs' claims fail to the extent that PRA is entitled to a setoff for the underlying debts for those Plaintiffs whose debts are still owed.

### ELEVENTH ADEFENSE
### (Impropriety as a Class Action)

This action may not properly proceed as a class action under Federal Rule of Civil Procedure 23 to the extent that, among other reasons, Plaintiffs' claims are not typical of the claims of each putative class member; questions of law and fact allegedly common to the putative class do not predominate over the numerous questions affecting only putative class members; a class action is not superior to other available methods for the fair and efficient adjudication of Plaintiffs' claims and any claims of putative class members; Plaintiffs and their counsel are unable to fairly and adequately protect the interests of the putative class members; and there are insurmountable difficulties that would be encountered in any attempt to proceed as a class action.

### TWELFTH DEFENSE
### (Standing)

The Complaint is barred, in whole or in part, to the extent that Plaintiffs and putative class members lack standing.

**THIRTEENTH DEFENSE**
**(Subject Matter Jurisdiction and Preclusion)**

Plaintiff's claims are barred, in whole or in part, to the extent the claims made in the Complaint on behalf of putative class members are barred by the Rooker Feldman doctrine, the doctrine of judicial estoppel, collateral estoppel, and res judicata.

**FOURTEENTH DEFENSE**
**(Statute Of Limitations)**

Plaintiffs' Complaint fails to the extent that it is barred by the applicable statute of limitations.

**FIFTEENTH DEFENSE**
**(Venue)**

PRA objects to the extent that this case has been brought in the wrong court and/or division pursuant to 28 U.S.C. §§ 1391 *et seq.* and Rule 3 of the Rules of the United States District Court for the Eastern District of Virginia.

**SIXTEENTH DEFENSE**
**(Damages)**

Plaintiffs' claims for statutory damages on behalf of the purported class are limited pursuant to the provision of the FDCPA.

**SEVENTEENTH DEFENSE**
**(Right To Assert Additional Defenses)**

PRA reserves the right to assert additional affirmative defenses at such time and to such extent as warranted by discovery and the factual developments in this case.

WHEREFORE, Defendant, Portfolio Recovery Associates, LLC, request that the Court enter an order: (1) dismissing with prejudice the Class Action Complaint against PRA; (2) awarding PRA its costs and expenses incurred herein; and (3) awarding PRA such other and further relief as the Court may deem just and proper.

**PORTFOLIO RECOVERY ASSOCIATES, LLC**

By: _____
David N. Anthony
Virginia State Bar No. 31696
*Attorney for Portfolio Recovery Associates, LLC*
TROUTMAN SANDERS LLP
1001 Haxall Point
Richmond, Virginia 23219
Telephone No.: (804) 697-1200
Facsimile No.: (804) 697-1339
Email: david.anthony@troutmansanders.com

Alan D. Wingfield
Virginia State Bar No. 27489
*Attorney for Portfolio Recovery Associates, LLC*
TROUTMAN SANDERS LLP
1001 Haxall Point
Richmond, Virginia 23219
Telephone No.: (804) 697-1200
Facsimile No.: (804) 697-1339
Email: alan.wingfield@troutmansanders.com

Jimmy F. Robinson
Virginia State Bar No. 43622
*Attorney for Portfolio Recovery Associates, LLC*
TROUTMAN SANDERS LLP
1001 Haxall Point
Richmond, Virginia 23219
Telephone No.: (804) 697-1200
Facsimile No.: (804) 697-1339
Email: jimmy.robinson@troutmansanders.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the 27th day of January, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which will then send a notification of such filing (NEF) to the following:

> Matthew J. Erausquin, Esq.
> Consumer Litigation Associates, P.C.
> 1800 Diagonal Rd., Suite 600
> Alexandria, VA 22314
> Telephone: 703-273-6080
> Facsimile: 888-892-3512
> Email: matt@clalegal.com
>
> Leonard Anthony Bennett, Esq.
> Consumer Litigation Associates
> 763 J Clyde Morris Boulevard, Suite 1A
> Newport News, VA 23601
> Telephone: 757-930-3660
> Facsimile: 757-930-3662
> Email: lenbennett@cox.net
>
> Robin Ann Abbott, Esq.
> Consumer Litigation Associates
> 763 J Clyde Morris Boulevard, Suite 1A
> Newport News, VA 23601
> Telephone: (757) 930-3660
> Facsimile: (757) 930-3662
> Email: rabbottlaw@msn.com
> *Counsel for Plaintiffs*

> /s/David N. Anthony
> David N. Anthony
> Virginia State Bar No. 31696
> *Attorney for Portfolio Recovery Associates, LLC*
> TROUTMAN SANDERS LLP
> 1001 Haxall Point
> Richmond, Virginia 23219
> Telephone No.: (804) 697-1200
> Facsimile No.: (804) 697-1300
> Email: david.anthony@troutmansanders.com

2114622v1