**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

**TAMICA N. ANDERSON, DIANA B.
JOHNSON, BRENDA J. MARRIOTT,
ERNEST B. NOVELLO, and JENNIFER
SCOTT,** *on behalf of themselves and all
similarly situated individuals,*

               **Plaintiffs,**

**v.**

**PORTFOLIO RECOVERY
ASSOCIATES, LLC,**

               **Defendant.**

**Civil Action No. 3:11-cv-604 (JRS)**

**DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS
MOTION FOR JUDGMENT ON THE PLEADINGS**

Defendant, Portfolio Recovery Associates, LLC ("PRA"), by counsel, and pursuant to Fed. R. Civ. P. 12(c), for its memorandum in support of its Motion for Judgment on the Pleadings, states as follows:

INTRODUCTION

Plaintiffs contend that PRA sought to recover the "garnishment costs" that were allegedly not authorized by law. This contention is based on a fundamental misunderstanding of Virginia law. In Virginia, it is well established that garnishment proceedings constitute separate actions. Accordingly, like in all civil actions, the Virginia General Assembly has statutorily authorized the presiding court to award costs to the prevailing party. Plaintiffs simply fail to look past the few provisions in the Code that they (incorrectly) cite specifically governing garnishments, and they fail to read the Code of Virginia as a whole. Based on the general statutory authorization for the recovery of costs, which applies with equal force in the garnishment context, Plaintiffs' claims are without merit.

Moreover, even within the Article of the Code of Virginia that specifically governs garnishment proceedings, there is ample statutory authority for the recovery of garnishment costs.  Further, resolving any doubt of the issue, recent statutory amendments to the Code of Virginia confirm that such costs are, and have always been, properly sought under Virginia law. For the reasons set forth in detail below, Plaintiffs' claims must be dismissed with prejudice.

<u>STATEMENT OF ALLEGATIONS</u>

PRA is named as the sole Defendant in a putative class action lawsuit under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*  The Amended Complaint (the "Complaint") alleges violations of §§ 1692d(1), 1692e(2)(B), 1692e(5), 1692e(10) and 1692f(1). Regardless of which subsection of the FDCPA is invoked, however, Plaintiffs' claims all hinge on the following contention:

> In [their] garnishment actions, the Defendant attempted to collect funds that were not awarded by the Court when it issued the underlying judgment or otherwise authorized by Virginia law.  Specifically, the Defendant unlawfully attempted to collect $97.00 in garnishment costs from Plaintiffs Anderson and Scott, $92.00 in garnishment costs from Plaintiffs Marriott and Novello, and $89.00 in garnishment costs from Plaintiff Johnson.

> Virginia law only provides for the assessment of garnishment costs against the garnishee, and then only when the garnishee appears to be liable for more than what is delivered and paid, or fails to respond.  Virginia Code § 8.01-521.  *In any event, Virginia law does not authorize the collection of garnishment costs from the judgment debtor.  Therefore, in the absence of an order from the court expressly authorizing the same, the collection or attempted collection of these amounts from a judgment debtor is unlawful.*

(Compl., ¶¶ 8-9) (emphasis added).  Correct copies of Plaintiffs' suggestions for summons in garnishment challenged here are attached as **Exhibit A**.[1]  Plaintiffs make no claim that they do not actually owe the debts that were the subject of the garnishment proceedings.  *See id.*

---

[1] When ruling on a Motion for Judgment on the Pleadings, a Court may take judicial notice of matters of public record and of documents referenced in the Complaint.  *See Moore v. Flagstar Bank*, 6 F. Supp. 2d 496, 500 (E.D. Va. 1997) (citing 5A CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357 (1990)).

The gravamen of the highly-technical Complaint is that the garnishment costs sought to be collected by PRA against Plaintiffs were not authorized by any Virginia statute, the terms of the underlying judgment order itself, or any other authority under Virginia law. *See id.* Thus, if such garnishment costs are recoverable under Virginia law and/or the applicable court orders, the Complaint fails. This is a purely legal issue that is ripe for decision on the pleadings alone.

ARGUMENT

## I.     THE APPLICABLE LEGAL STANDARD

PRA brings this Motion for Judgment on the Pleadings pursuant to Fed. R. Civ. P. 12(c). Rule 12(h)(2) permits the defense of failure to state a claim upon which relief can be granted to be made "by a motion under Rule 12(c)." *Id.* The standard applied for a motion filed under Rule 12(c) "is identical to that applied to a motion to dismiss under Rule 12(b)(6)." *Barnette v. Brook Rd., Inc.*, 429 F. Supp. 2d 741, 744 (E.D. Va. 2006).

When considering a motion to dismiss, the Court should accept as true all well-pleaded factual allegations and should view the complaint in a light most favorable to the plaintiff. *See De Sole v. United States*, 947 F.2d 1169, 1171 (4th Cir. 1991). Even under Fed. R. Civ. P. 8(a), however, the Court need not accept as true the legal conclusions, unwarranted inferences, unreasonable conclusions, or arguments asserted in the complaint. *See Eastern Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'Ship*, 213 F.3d, 175, 180 (4th Cir. 2000); *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). Furthermore, a "pleading that offers 'legal conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. *Id.* at 570. If any factual allegations remain, the Court should review them to determine if a plaintiff has stated a plausible claim for relief. *Id.*

## II.     THE RELEVANT PROVISIONS OF THE FDCPA

15 U.S.C. § 1692f(1) of the FDCPA provides that: "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.  Without limiting the general application of the section, the following conduct is a violation of this section: (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."  *Id.*  Similarly, § 1692e, titled "false or misleading representations," provides, in relevant part:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.  Without limiting the general application of the foregoing, the following conduct is a violation of this section: (2) The false representation of – (A) The character, amount, or legal status of any debt . . . ; (5) The threat to take any action that cannot legally be taken or that is not intended to be taken . . . ; (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.[2]

15 U.S.C. § 1692e.

Under these provisions, it is well established that the FDCPA "permit[s] the collection of a fee in addition to the principal obligation *if such fee is expressly authorized by the agreement creating the debt or is otherwise permitted by state law*.  Thus, the agreement creating the debt need not expressly authorize the fee if state law affirmatively permits a collection fee even if not specified in the agreement."  *West v. Costen*, 558 F. Supp. 564, 582-83 (W.D. Va. 1983) (emphasis added); *see also Shapiro v Riddle & Assocs., P.C.*, 240 F. Supp. 2d 287 (S.D.N.Y. 2003) (dismissing FDCPA claim since agreement between a debtor and a collector's client permitted a reasonable charge if creditor had to employ a debt collector).

---

[2] The other section of the FDCPA cited by Plaintiffs, 15 U.S.C. § 1692d(1), provides that a debt collector may not "use or threat[en] [the] of use of violence or other criminal means to harm the physical person, reputation, or property of any person."  *Id.*  Despite the highly-tenuous and attenuated application of this subsection to the allegations pled, this claim is also predicated upon the allegation that PRA attempted to collect a debt (*i.e.*, "garnishment costs") that allegedly was not authorized by law.  (*See* Compl., ¶¶ 8-10).

With respect to the inquiry of statutory authorization, "a general statutory authorization satisfies the FDCPA; that is, rather than pointing to a state statute that expressly permits a particular imposition of fee, one need only identify some state statute which authorizes or allows, in however general a fashion, the fees or charges in question." *Johnson v. Riddle*, 2000 U.S. Dist. LEXIS 22162, at *11 (D. Utah Dec. 20, 2000); *Newman v. Checkrite California, Inc.*, 912 F. Supp. 1354, 1367-1368 (E.D. Cal. 1995) (defendants must only "identify some statute which permits, *i.e.* authorizes or allows, in however general a fashion, the fees or charges in question"). Hence, if a cost is "generally" authorized by statute, court order, *or* by the agreement creating the underlying debt, then no violation of the FDCPA can be present.

### III.   BECAUSE THE GARNISHMENT COSTS AT ISSUE ARE AUTHORIZED BY STATUTE, PLAINTIFFS' COMPLAINT FAILS

In light of the allegations in the Complaint, which challenge the legal authorization *vel non* of the garnishment costs at issue, this case is ripe for disposition on the pleadings. Simply put, if such costs can be shown to be authorized as a matter of law, then no violation of the FDCPA is possible under the facts pled in this action. *See, e.g., Gradisher v Check Enforcement Unit, Inc.*, 210 F. Supp. 2d 907, 919 (W.D. Mich. 2002) (the debt collector's attempt to collect, in addition to debt, a fee authorized by ordinance did not violate § 1692f(1)).

### A.   The general statutory authorization for recovery of costs in Virginia.

Under settled law, a prevailing party in a civil action in Virginia state court is allowed to both seek and recover the "costs" of prosecuting the lawsuit. Because garnishment proceedings are regarded under Virginia law as an independent lawsuit, the general statutory provisions in Virginia that permit an award of costs to be awarded to a successful plaintiff authorized PRA to seek such costs in its garnishment actions against Plaintiffs. This fact alone straightforwardly requires the dismissal of Plaintiffs' claims.

1.      **A garnishment proceeding is regarded as an independent action in Virginia.**

In *Butler v. Butler*, 219 Va. 164, 247 S.E.2d 353 (1978), the Supreme Court of Virginia

squarely held that "garnishment is regarded, not as a process of execution to enforce a judgment,

but as an independent suit by the judgment-debtor in the name of the judgment creditor against

the garnishee." *Id.* at 165, 247 S.E.2d at 354; *accord United States ex rel. Global Bldg. Supply,*

*Inc. v. Harkins Builders,* 45 F.3d 830, 833 (4th Cir. 1995) ("Under Virginia law, a garnishment

proceeding is a separate proceeding in which the judgment creditor enforces the 'lien of his

execution' against property or contractual rights of the judgment debtor which are in the hands of

a third person, the garnishee.").[3]  And, as one scholar on Virginia law has observed, "Costs are

certain official expenses of litigation that the court orders the losing party to pay to the prevailing

party."  W. Hamilton Bryson, BRYSON ON VIRGINIA CIVIL PROCEDURE § 14 (4th ed. 2005).

2.      **Virginia law permits the recovery of costs in all civil actions.**

Against this framework, the Code of Virginia generally provides for the recovery of costs

to the prevailing party.  For "courts of record" in Virginia, Va. Code § 17.1-601, titled "[g]eneral

rule as to recovery of costs on final judgment," provides:

> Except when it is otherwise provided, *the party for whom final judgment is given*
> *in an action or motion shall recover his costs against the opposite party*.  When
> the action is against two or more and there is a judgment for, or discontinuance as
> to, some, but not all of the defendants, unless the court enter of record that there
> was reasonable cause for making defendants those for whom there is such
> judgment, or as to whom there is such discontinuance and shall order otherwise,
> they shall recover their costs.

*Id.* (emphasis added).  Notably, the provisions of Va. Code § 17.1-601 are also incorporated into

the Code provisions governing proceedings in "courts not of record," such as the general district

courts where Plaintiffs' suggestions in garnishment were filed.  *See* Va. Code § 16.1-69.48:4

---

[3] Indeed, the independent nature of a garnishment proceeding is highlighted by the fact that the filing of a
suggestion in garnishment requires service of process on both the garnishee and the judgment debtor, as
well as the payment of an additional filing fee.  *See* Va. Code § 8.01-511.

("The provisions of Chapter 6 (§ 17.1-600 *et seq.*) of Title 17.1 shall apply, *mutatis mutandis*, to the laws of costs in the district courts."). Additionally, and further permitting an award of costs in the Virginia general district courts, Va. Code § 16.1-93 provides that the "the court may make such provisions as to costs and continuances as may be just." *Id.* No Virginia statute or other authority excludes garnishment actions from proceedings for which the trial court can award costs. Thus, pursuant to § 17.1-601 and § 16.1-93, the rule is that costs are properly awarded to the prevailing party in any action in the court's discretion, whether in a court of record or a court not of record, and whether in a garnishment or non-garnishment proceeding. *See, e.g., Goodloe v. Woods*, 115 Va. 540, 551, 80 S.E. 108, 113 (1913); Leigh B. Middleditch, Jr. and Kent Sinclair VIRGINIA CIVIL PROCEDURE, § 3.17 (5th Ed. 2008) ("At the trial court level, costs are awarded as a matter of course . . . .").

Plaintiffs simply ignore these generally-applicable and unequivocal provisions within the Code of Virginia. Indeed, Plaintiffs apparently contend that because no express award for costs appears in the Article of the Code of Virginia specifically regarding garnishments, *see* Va. Code § 8.01-511, *et seq.*, that no such costs are authorized. Although, for the reasons set forth, *infra*, even this argument is in error, Plaintiffs' myopic reading of the Code of Virginia stands in derogation of the "ancient principle" that the Code of Virginia is to be regarded as a "single act." *Marymount Coll. of Va. v. Harris*, 205 Va. 712, 717, 139 S.E.2d 43, 47 (1964) ("In the construction of its provisions, it is to be remembered that the Code itself is a single act of the legislature."); *see also* Va. Code § 1-1 (1950) ("The laws embraced in this and the following titles, chapters, articles, and sections of this act shall constitute . . . the 'Code of Virginia.'"). As such, the Code's "different sections should be regarded, not as prior and subsequent acts, but as simultaneous expressions of the legislative will." *Shepherd v. F. J. Kress Box Co.*, 154 Va. 421, 425, 153 S.E. 649, 650 (1930).

At bottom, in light of both Va. Code § 17.1-601 and Va. Code § 16.1-93, when reading the Code of Virginia as a whole, Plaintiffs' contention that there was no statutory authorization for PRA to seek garnishment costs fails as a matter of law.  The Complaint must be dismissed.  *See Johnson*, 2000 U.S. Dist. LEXIS 22162, at *11.

### 3.     The discretionary nature of costs in Virginia discredits Plaintiffs' claims.

The fallacy of Plaintiffs' argument is further demonstrated by the discretionary manner by which costs are awarded in Virginia.  Plaintiffs' argument is predicated upon their contention that no single Virginia statute specifically "authorize[s] the collection of garnishment costs." (Compl., ¶ 9).  This is a complete red herring.  Virginia does not maintain an exhaustive list of costs that may be awarded to a litigant, whether in the Code of Virginia or in a single decision from the Supreme Court of Virginia.  Rather, it is established that recoverable costs include all costs "essential for prosecution of the suit."  *Advanced Marine Enters. v. PRC, Inc.*, 501 S.E.2d 148, 160, 256 Va. 106, 126 (1998).  And, given the lack of any bright-line rule, the assessment of whether "costs" are recoverable is within the "discretion" of the trial court.  *See id.*; *see also Martel v. Collins*, 47 Va. Cir. 538, 540 (Charlottesville 1999) (Virginia law affords "a general grant of discretion to the [trial] Court to assess costs incurred which it deems are just and reasonable under the circumstances of a particular case").[4]

To this end, although not specifically enumerated by statute, Virginia courts, exercising their discretion, have held the following costs to be recoverable under the general statutory provisions regarding costs in Virginia: (1) filing fees, *Advanced Marine Enters.*, 501 S.E.2d at 160, 256 Va. at 126; (2) costs related to service of process, *see id.*; (3) costs related to the traveling to and taking of an out-of-state *de bene esse* deposition, *see Martel v. Collins,* 47 Va. Cir. 538, 539 (Charlottesville 1999); and (4) costs relating to court reporting and transcript

---

[4] Indeed, the very authority granted to the trial courts to use their "discretion" militates against the rigid rules suggested by Plaintiffs here.

preparation for depositions, *see id.*[5]  Therefore, even assuming *arguendo* the (erroneous) factual premise of Plaintiffs' argument, the lack of *specific* statutory authorization for the recovery of "garnishment costs" is ultimately immaterial to the relevant inquiry under Virginia law and provides no basis to assert the claims that have been alleged against PRA.[6]

**B.    Garnishment-specific authorization for the recovery of costs in Virginia.**

Although not necessary due to the existence of the foregoing, generally-applicable Code provisions allowing the recovery of costs, a provision that applies in the context of garnishment proceedings also permits a judgment creditor to seek costs from judgment debtors like Plaintiffs.

Va. Code § 8.01-512.3 specifies the required form of a garnishment summons.  *See* Va. Code § 8.01-511 ("*no summons shall be issued* pursuant to this section *for the garnishment* of wages, salaries, commissions, or other earnings *unless it . . . is in the form prescribed by 8.01-512.3*") (emphases added); *Virginia Nat'l Bank v. Blofeld*, 234 Va. 395, 400, 362 S.E.2d 692, 695 (1987) ("But the garnishee disregards a significant provision of § 8.01-511, which expressly requires the garnishment summons to be in the form prescribed by § 8.01-512.3.").   Under § 8.01-512.3, the judgment creditor can collect the following, which is the "Total Balance Due" on the summons: (1) judgment principal; (2) less any credits; (3) judgment costs; (4) attorney's fees

---

[5] Notably, the specific "garnishment costs" at issue here in varying amounts of $89.00-$97.00, *see* Compl., ¶ 8, consisted only of "filing fees" and fees for "service of process," both of which have been *expressly* held to be forms of recoverable "costs" by the Supreme Court of Virginia.   *See* http://webdev.courts.state.va.us/cgi-bin/DJIT/ef_djs_gdfees_calc.cgi#ID_CALC_FRM (official website for calculating applicable service and filing fees for garnishment proceedings in general district courts).

[6] In this sense, an award of costs under these general provisions is akin to this Court's authority under 28 U.S.C. § 1920 to award costs in more specialized types of proceedings than those that are expressly enumerated in the statute itself.   *See, e.g., Gaddis v. United States*, 381 F.3d 444, 456 (4th Cir. 1993) ("[E]ven though § 1920 does not specifically mention guardian *ad litem* fees in its list of costs, a guardian *ad litem* appointed by a court pursuant to Rule 17(c) can be reasonably interpreted as a court appointed expert under § 1920(6)."); *Alflex Corp. v. Underwriters Laboratories, Inc.*, 914 F.2d 175, 177 (9th Cir. 1990) ("The cost of deposition copies is 'encompassed' by 28 U.S.C.S. § 1920(2)."). Thus, the federal courts have likewise been entrusted with the discretion to award such costs as they deem appropriate. Indeed, if Plaintiffs' argument was correct, 28 U.S.C. § 1920 and the Code of Virginia would need to be amended each time that a court found an unlisted cost to be recoverable in state or federal court. Certainly, this reading cannot comport with the discretion afforded to trial courts on this issue.

(50% if amount not specified); (5) *garnishment costs*; and (6) applicable state taxes (100%). *See id.* (emphasis added).   **Exhibit B**.   These categories are then listed on the Garnishment Summons Form that is prescribed by the Supreme Court of Virginia.   *See* **Exhibit C**.

Based on the required language of the Va. Code § 8.01-512.3, it is evident that costs, attorney's fees, and taxes can be sought independent of the judgment amount in a garnishment proceeding.   *See, e.g.*, *In re Sowers*, 164 B.R. 256, 258-60 (E.D. Va. 1994) (affirming an award of the amount of the garnishment for $475.33, which included "$427 of the original judgment, $22.33 in interest, $10.00 in judgment costs, and $16.00 in garnishment costs"); *see also Campion v. Credit Bureau Servs.*, 2000 U.S. Dist. LEXIS 20233, at *24 (E.D. Wash. Sept. 19, 2000) ("Washington law, by requiring a writ of garnishment to set forth estimated costs of garnishment, permits the collection of attorney fees and costs incurred in obtaining a garnishment writ.").   Based on this prescribed form, Plaintiffs' argument fails.

Despite this authority, in their Complaint Plaintiffs cite to Va. Code § 8.01-521, which provides: "Unless the garnishee appear to be liable for more than is so delivered and paid, there shall be no judgment against him for costs.   In other cases, judgment under §§ 8.01-516.1 and 8.01-519 may be for such costs, and against such party, as the court may deem just."   *Id.* Plaintiffs contend that, based on this provision, "Virginia law only provides for the assessment of garnishment costs against the garnishee . . . .   Virginia law does not authorize the collection of garnishment costs from the judgment debtor."   (Compl., ¶ 9).   This contention is flatly wrong.

Va. Code § 8.01-521 provides that there generally shall be no civil judgment against a "garnishee" for costs as a result of the garnishee's role in the garnishment proceeding.   *Id.*   Thus, that provision governs *the garnishee*, *i.e.*, the entity to whom the garnishment summons was issued and that is depositing money into the court.   Stated somewhat differently, only if a "garnishee" withholds more money than he or she should have may the garnishee may be held

liable for the garnishment costs. *See id.* That sentence does not at all apply to or limit the recovery of costs against "judgment debtors" such as Plaintiffs. Indeed, that provision limiting recovery against a garnishee is necessary precisely because Virginia law would *otherwise permit* the recovery of costs from such innocent parties to litigation under the foregoing statutes that generally permit the recovery of costs. Plaintiffs fail to recognize this fact. Further, Plaintiffs' argument: (1) fails to reference the form of garnishment summons required under § 8.01-512.3; and (2) neglects the provisions generally permitting an award of costs against non-garnishees under Va. Code § 16.1-93 and Va. Code § 17.1-601. Plaintiffs' contention is without merit.

### III.   RECENT DEVELOPMENTS IN VIRGINIA LAW COMPEL THE CONCLUSION THAT THE GARNISHMENT COSTS SOUGHT BY PRA AGAINST PLAINTIFFS ARE PROPER

On March 30, 2012, H.B. 286 was signed into law, and it took effect on July 1, 2012. The bill was passed by a unanimous vote of the Senate and the House. The amendment modifies Va. Code § 8.01-511 governing "garnishment proceedings" by adding the following language:

> ***All costs incurred by the judgment creditor after entry of the judgment, in aid of execution of the judgment and paid to a clerk of court, sheriff, or process server are chargeable against the judgment debtor***, unless such costs are chargeable against the judgment creditor pursuant to § 8.01-475. Regardless of the actual amount of the fee paid by the judgment creditor, the fee for a process server chargeable against the judgment debtor shall not exceed the fee authorized for service by the sheriff. All such previous costs chargeable against the judgment debtor may be included by the judgment creditor as judgment costs in the garnishment summons form prescribed in § 8.01-512.3. This paragraph shall not be construed to limit any cost assessed by a court as part of the judgment.

*See* **Exhibit D** (emphasis added). Therefore, after July 1, 2012, the Code of Virginia specifically reflects in the Article regarding garnishments that garnishment "costs" are recoverable by a judgment creditor such as PRA.

Although not necessary to the resolution of this motion in light of the present statutory authorization for the recovery of garnishment costs detailed above, the amendment of Va. Code § 8.01-511 militates strongly in favor of dismissal.

**A.    Applicable principles of statutory construction.**

As the Fourth Circuit has held, "when an amendment alters, even significantly alters, the original statutory language, this does 'not necessarily' indicate that the amendment institutes a change in the law.  Certainly, Congress may amend a statute to establish new law, but it also may enact an amendment 'to clarify existing law' . . . ."  *United States v. Montgomery County*, 761 F.2d 998, 1003 (4th Cir. 1985) (internal citations omitted).  Thus, it is settled that "a change in statutory language need not *ipso facto* constitute a change in meaning or effect.  Statutes may be passed purely to make what was intended all along even more unmistakably clear."  *Id.* (citing *United States v. Montgomery County*, 761 F.2d 998, 1003 (4th Cir. 1985)).

In interpreting the significance of a statutory amendment, "a court must first determine whether the legislature expressed its intent regarding retrospective or prospective application in the enactment itself.  If the legislature did not express its intent, then the court must classify the enactment as substantive, procedural, or interpretative," with the last such classification merely "clarifying" the law at issue and having full retroactive effect.  *Prysock v. Manchester Tank & Equip. Co.*, 1997 U.S. Dist. LEXIS 2423, at *7 (E.D. La. Feb. 28, 1997) (interpretative changes to the law have "retrospective application."); *accord Sylvestre v. Commonwealth*, 10 Va. App. 253, 256-258 (1990).  As passed, Va. Code § 8.01-511 speaks to neither the prospective or retroactive nature of its content.  Yet, given the attendant circumstances of its enactment, there can be no doubt that the change was merely interpretative, making "unmistakably clear" what Virginia practitioners have known for decades.

**B.    The circumstances leading to the enactment of H.B. 286.**

In Virginia, "when the Legislature amends a statute shortly after a controversy arises concerning the interpretation of that statute, the amendment should properly be construed as a clarification of the existing statute . . . ."  *Tony Guiffre Distrib. Co. v. Va. Alcoholic Bev. Control*

*Comm'n*, 5 Va. Cir. 243, 245 (Alexandria Cir. Ct. 1985) (citing *Fink v. Ritchie*, 222 Va. 830, 837, 284 S.E.2d 841, 844 (1981) ("When amendments are enacted soon after controversies arise as to the interpretation of the original act, it is logical to regard the amendment as a legislative interpretation of the original act.")); *Boyd v. Commonwealth*, 216 Va. 16, 20-21, 215 S.E.2d 915, 918 (1975) (same)); *see also Brown v. Thompson*, 374 F.3d 253, 259 (4th Cir. 2004) ("[C]ourts regularly view a conflict in the courts with regard to the proper interpretation of a statute . . . as an indication that Congress passed a subsequent amendment to clarify rather than change existing law.").

Thus, in both Virginia and the Fourth Circuit, amendments to statutes that occur "during the pendency of litigation concerning the proper interpretation of the provision support[] the view that the changes effected by the amendment were clarifying rather than substantive." *Plyler v. Moore*, 129 F.3d 728, 736 (4th Cir. 1997). That is precisely the case here.

The current lawsuit is merely one instance of a flood of identical lawsuits that were filed by Plaintiffs' counsel on behalf of third parties shortly before the proposal and passage of H.B. 286. These lawsuits challenged a judgment creditor's ability to seek garnishment costs against a judgment debtor, and they asserted a violation of the FDCPA based on that practice.

These lawsuits first began on September 24, 2010, when Plaintiffs' counsel filed a similar putative class action lawsuit against PRA in *Jacqueline Sloan v. Portfolio Recovery Associates, LLC*, 3:10-cv-00679. Upon the agreement of the parties, that action was dismissed with prejudice in September 2011. Prior to that action being dismissed, this lawsuit was filed on September 15, 2011. These lawsuits against PRA were also joined by a number of substantively-identical actions in the United Stated District Court for the Eastern District of Virginia, which include: (1) *Randy Kinder v. Asset Acceptance, LLC*, 3:11-cv-00767 (filed November 21, 2011);

(2) *James Diehl v. Asset Acceptance, LLC*, 3:11cv825 (filed December 5, 2011); (3) *Robert Osborne v. Asset Acceptance, LLC*, 3:12cv84 (filed on February 3, 2012).[7]

To undersigned counsel's knowledge, these lawsuits raised, for the first time ever, the novel (but misguided) challenge to the propriety of a judgment creditor's request for an award of its costs incurred in prosecuting its garnishment action. And, in an expedited and *unanimous* response to these challenges, the Virginia General Assembly passed H.B. 286, which makes unmistakably clear that the provisions of the Code of Virginia that generally provide for an award of costs also permit the recovery of such costs in the garnishment context.

Courts, including the Supreme Court of Virginia, have routinely found that amendments to statutes that occur during such litigious contexts are deemed to clarify the pre-existing state of the law. *See, e.g., Plyler*, 129 F.3d at 736 (finding the change to be interpretative in part because it was enacted during the "pendency of litigation concerning the proper interpretation of the provision"); *Boyd*, 216 Va. at 20-21, 215 S.E.2d at 918 ("There were inconsistent decisions in the trial courts of the Commonwealth, on the issue presented in this case, under the 1973 Act, according to a representation in the defendant's brief. The amendments . . . followed passage of the 1973 Act within a year. Accordingly, we hold that the amendments to The Act pertinent to this litigation were changes of form, which merely interpreted the 1973 Act and made it more detailed and specific."); *Fink v. Ritchie*, 222 Va. at 837, 284 S.E.2d at 844 (amendment to law in 1977 that followed a legal challenge to the law in 1976 was properly deemed to be a clarification of the state of the law and not a substantive change). Thus, there can be no question that H.B. 286 clarified the state of the law in a manner that compels the rejection of Plaintiffs' arguments, and its unanimous passage was a resounding affirmation of the statutory principles detailed above. For this additional reason, Plaintiffs' Complaint must be dismissed with prejudice.

---

[7] In fact, even after the passage of H.B. 286, Plaintiffs' counsel continues to file such claims. *See Jackie E. Lewis, Sr. v. Asset Acceptance, LLC*, 3:12cv253 (filed April 5, 2012).

## CONCLUSION

WHEREFORE, Defendant, Portfolio Recovery Associates, LLC, respectfully requests that the Court enter an order: (1) granting its Motion for Judgment on the Pleadings, thereby dismissing Plaintiffs' claims with prejudice; and (2) awarding PRA such other and further relief as the Court may deem proper.

**PORTFOLIO RECOVERY ASSOCIATES, LLC**

By:/s/ Timothy J. St. George

Of Counsel

David N. Anthony (VSB No. 31696)
Alan D. Wingfield (VSB No. 27489)
Timothy J. St. George (VSB No. 77349)
*Attorneys for Portfolio Recovery Associates, LLC*
TROUTMAN SANDERS LLP
1001 Haxall Point
Richmond, Virginia  23219
Telephone No.: (804) 697-1200
Facsimile No.: (804) 697-1339
david.anthony@troutmansanders.com
alan.wingfield@troutmansanders.com
tim.stgeorge@troutmansanders.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of July, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which will then send a notification of such filing (NEF) to the following:

Matthew J. Erausquin, Esq.
Consumer Litigation Associates, P.C.
1800 Diagonal Rd., Suite 600
Alexandria, VA 22314
Telephone:  703-273-6080
Facsimile: 888-892-3512
Email: matt@clalegal.com

Leonard Anthony Bennett, Esq.
Consumer Litigation Associates, P.C.
763 J Clyde Morris Boulevard, Suite 1A
Newport News, VA 23601
Telephone: 757-930-3660
Facsimile: 757-930-3662
Email: lenbennett@cox.net

Robin Ann Abbott, Esq.
Consumer Litigation Associates, P.C.
763 J Clyde Morris Boulevard, Suite 1A
Newport News, VA 23601
Telephone: (757) 930-3660
Facsimile: (757) 930-3662
Email: rabbottlaw@msn.com

*Counsel for Plaintiffs*

/s/ Timothy J. St. George
Timothy J. St. George
Virginia State Bar No. 77349
*Attorney for Portfolio Recovery Associates, LLC*
TROUTMAN SANDERS LLP
1001 Haxall Point
Richmond, Virginia  23219
Telephone No.: (804) 697-1200
Facsimile No.: (804) 697-1339
Email:  tim.stgeorge@troutmansanders.com

6672053v4